UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY AND DEANNA HAYNIE, individually as successors in interest and heirs at law,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL RIPPEE, individually; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY; DOES 1-20; and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiffs' ownership,<br><br>Defendants. | No. C 19-08411 WHA<br><br>**ORDER REGARDING PRUDENTIAL'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT** |

In this action removed based on ERISA preemption, defendant Prudential has filed an *ex parte* application for an extension of time to respond to plaintiffs' complaint. The application is "made on the grounds that due to a co-defendant's removal of the action from state court to federal court, Prudential's time to respond to the complaint was accelerated from January 9, 2020[,] to January 2, 2020" (Dkt. No. 7 at 2). Nevertheless, Prudential seeks to postpone its time to respond until February 3. To the extent stated herein, Prudential's application is **DENIED**.

After being served with the state-court summons and complaint on November 25, Prudential's original deadline to respond was December 25. While in state court, plaintiffs granted Prudential a fifteen-day extension, postponing Prudential's deadline until January 9. On December 26, defendant Fidelity, with Prudential's consent, removed this action to our district, purportedly accelerating Prudential's time to respond to January 2. When Prudential sought additional time to respond from plaintiffs, it learned that plaintiffs' counsel was out of the country with limited access to email until January 5. The day its response was due, Prudential instead filed its *ex parte* application seeking an extension *not* until January 9, the date plaintiffs previously agreed to, but rather until February 3, seventy days after Prudential was served.

Local Rule 6-1(a) provides:

> Parties may stipulate in writing, without a Court order, to extend the time within which to answer or otherwise respond to the complaint, or to enlarge or shorten the time in matters not required to be filed or lodged with the Court, provided the change will not alter the date of any event or any deadline already fixed by Court order. Such stipulations shall be promptly filed pursuant to Civil L.R. 5.

Prudential did not obtain a stipulation or even attempt to introduce the email confirming the prior extension plaintiffs agreed to. Instead, Prudential asserts that due to the demonstrated professional courtesy of plaintiffs' counsel in granting the first extension, "Prudential has no reason to believe that if [plaintiffs' counsel] was available, she would withhold consent or refuse to sign a stipulation in this instance" (Decl. Millioen ¶ 11).

More is required to proceed outside of the adversarial context. Prudential failed to comply with Local Rule 7-10, which states (emphasis added):

> [A] party may file an *ex parte* motion . . . *only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an* ex parte *motion in the circumstances* and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. *The motion must include a citation to the statute, rule or order which permits the use of an ex parte motion to obtain the relief sought.*

No such authority was cited. Even so, Prudential's given justification for proceeding *ex parte* is unavailing. A review of the complaint Prudential has yet to respond to shows at least one

2

reason why plaintiffs' counsel would refuse to stipulate to an extension past January 9. This action was brought by two parents who lost their daughter on April 25, 2019, alleging that Prudential and Fidelity should not distribute their daughter's life insurance and 401k funds to her ex-husband, Daniel Rippee. To that end, plaintiffs allege that "[i]f the defendants distribute the assets to Daniel, which they are in the process of doing, the funds will be gone; causing imminent and irreparable injury to Plaintiffs as Decedent's successors in interest and heirs at law. Because of the urgency and importance of the issues presented by the parties' dispute, it is necessary and appropriate for the Court to resolve this dispute by issuing a judicial declaration . . . ." (Compl. ¶ 13). The alleged urgency suggests plaintiffs might oppose a further extension, even if they previously granted a fifteen-day extension. These allegations additionally bely Prudential's contention that the "requested extension will not prejudice any party and will not delay the progress of the case" (Decl. Millioen ¶ 13).

For the reasons stated herein, Prudential's request for an extension of time until February 3 is **DENIED**. The parties' prior extension agreement, however, will be honored. Absent the filing of a signed stipulation agreeing to a later date, pursuant to Local Rule 6-1(a), Prudential shall file its response to the complaint by **JANUARY 9 AT NOON**.

**IT IS SO ORDERED.**

Dated: January 6, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE